# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

CHRISTOPHER HOWARD, ADC # 118173                                    PLAINTIFF

v.                              5:15CV00379-BSM-JJV

ARKANSAS DEPARTMENT
OF CORRECTION; *et al.*                                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

   1.   Why the record made before the Magistrate Judge is inadequate.

   2.   Why the evidence proffered at the hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Christopher Howard ("Plaintiff") filed this action *pro se* and pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He says Defendants violated his rights when they caused him to be removed from the Substance Abuse Therapeutic Community Program (also known as "T.C.") on which his opportunity for parole was conditioned. (*Id*. at 2.) After review of these allegations, I conclude Plaintiff has failed to state any claim on which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such

relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

### III.  ANALYSIS

Mr. Howard believes his constitutional rights were violated when he was improperly removed from the Substance Abuse Therapeutic Community Program and, thus, denied an opportunity for parole. He says, "The Plaintiff now claims the ADC Respondents [have] violated his 1st and 8th amendment rights through the usage of false information to deny him access to meaningful correctional programming as required by the Arkansas Parole Board stipulation of Therapeutic Community Program prior to release." (Doc No. 2 at 4.) He specifically says Defendant Joe Alexander wrote a false disciplinary on June 30, 2015, and although he was eventually cleared of the charges, Defendant Juvita Armstrong removed him

from the Substance Abuse Therapeutic Community Program on July 18, 2015.[1] (*Id*. at 3.) He further says Warden White failed to return him to the program after the conclusion of his disciplinary proceedings and improperly kept him isolation for twelve days. (*Id*. at 2.)

Mr. Howard recites an unfortunate set of circumstances. A common sense approach would lead Mr. Howard to believe he was wronged. His allegations state he was wrongfully charged, vindicated, but still punished through removal from the Therapeutic Community Program. Removal from the program has very real consequences to Mr. Howard in that he is not eligible for parole without completion of the program. Yet, his allegations fail to raise a constitutional claim because he has no protected liberty interest in parole. *See Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").[2] And the relevant Arkansas parole statutes do not create a protected liberty interest. *See Parker v. Corrothers*, 750 F.2d 653, 655 (8th Cir. 1984); *see*

---

[1]Plaintiff contends Defendant Armstrong falsified public records in violation of the Sarbanes-Oxley Act. (Doc. No. 3 at 2.) The Sarbanes-Oxley act created a limited number of private causes of action, none of which pertain to the falsification of public records. *See Gideon Minerals U.S.A., Inc. v. JP Morgan Chase Bank*, No. 02-10140, 2003 U.S. Dist. LEXIS 13598, 2003 WL 21804850, at *1 (S.D.N.Y. Aug. 6, 2003) (holding the only two private causes of action are: (1) 15 U.S.C. § 7244, "Insider trades during pension fund blackout periods" and (2) 18 U.S.C. § 1514A, whistleblower protection for employees of publically traded companies). The provision Plaintiff cites provides only that violators "shall be fined under this title, imprisoned not more than 20 years, or both." 18 U.S.C. § 1519.

[2]Plaintiff cites the *Greenholtz* case for the proposition that "prisoners are entitled to a measure of constitutional protection since the statutes created some reasonable expectation of release unless statutory reasons for denial of parole is (sic) found." (Doc. No. 3 at 2.) First, this was an argument raised by the respondents in *Greenholtz* and not a general rule articulated by the Court. *See Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 11-12 (1979). Second, the statutes at issue in *Greenholtz* were those of Nebraska and have no bearing on the Arkansas statutes relevant to this case. (*Id*.)

*also Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115 (8th Cir. 2007). Furthermore, Mr. Howard has "no constitutional right to educational or vocational opportunities during incarceration." *See Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1992); *see also Fifer v. Michigan Dep't of Corrections*, 1997 U.S. App. LEXIS 30332 (6th Cir. 1997) (holding that, because claimant lacked a protected right to early release, he also lacked a protected right to participate in a sex-offender treatment program required for parole eligibility).

Given Mr. Howard has identified no constitutionally protected interests, I must recommend dismissal of his claims. Finally, to the extent he alleges his removal from the program was a violation of state law or policy, that claim also fails because a violation of state law, standing alone, does not state a viable section 1983 claim. *See Bagley v. Rogerson*, 5 F.3d 325, 328 (8th Cir.1993).

**IV. CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma*

---

[3] Title 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

*pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 4th day of December, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE